Alfredo **PALOMINO OCHOA;** et al., Petitioners,

v.

Alberto R. **GONZALES,*** Attorney General, Respondent.

Nos. 04–70346, A75–262–320, A75–262–407, A75–262–319.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

Nadeem H. Makada, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM***

Alfredo Palomino Ochoa, his wife Josefina Moreno Palomino, and their son Freddy Palomino, all natives and citizens of Mexi-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

co, petition for review of the Board of Immigration Appeals' ("Board") denial of their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We deny the petition for review.

Petitioners requested that the Board reopen and remand their case to the immigration judge for consideration of new evidence of medical hardship relevant to their applications for cancellation of removal. They contend that the Board denied them due process by failing to consider the availability of medical services in Mexico on an individual basis. We disagree.

The Board acted within its broad discretion in concluding that petitioners' new evidence was not sufficient to establish eligibility for cancellation of removal. *See INS v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (explaining that the Board may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought."). Moreover, contrary to petitioners' contention, the Board considered the individual facts of their case, and concluded that the evidence they submitted failed to demonstrate that the medicines and services their children need to treat their asthma are not available in Mexico. Accordingly, the Board's denial of relief did not deprive petitioners of due process. *See* 8 U.S.C. § 1229b(b)(1)(D) (explaining that petitioners bear the burden of establishing that removal would result in exceptional and extremely unusual hardship to a qualifying relative).

**PETITION FOR REVIEW DENIED.**